Filed 12/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ERIC HAMILTON et al., | B323621 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 21STCV28166) |
| v. | |
| LADONNA GREEN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gus T. May, Judge.  Affirmed.

Law Offices of L'Tanya M. Butler and L'Tanya M. Butler for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

## INTRODUCTION

Would-be beneficiaries of a trust failed to bring a challenge within Probate Code section 16061.8's 120-day statute of limitations. Here we decide they may not later bring a civil complaint alleging forgery of a purported trust amendment.

Plaintiffs filed a lawsuit challenging the validity of a trust amendment that removed them as beneficiaries of their late grandmother's trust. Plaintiffs alleged defendant, their aunt, forged the trust amendment to eliminate their interest in the trust. Defendant filed a demurrer to plaintiffs' complaint on the ground that all of plaintiffs' causes of action were time-barred (Prob. Code, § 16061.8.) The trial court agreed and sustained the demurrer without leave to amend. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our summary of facts is limited to those pled in the complaint, the attached exhibits, and matters that have been judicially noticed. (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 504–505; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

A. *The Parties*

Lena Grace Hamilton (Lena) was the settlor of the Lena Grace Hamilton Trust, dated March 11, 1991 (trust). Lena had two children, defendant LaDonna Green (LaDonna) and Eric Duane Hamilton (Eric Sr.). Eric Sr. also had two children, plaintiffs Dominic Hamilton (Dominic) and Eric Hamilton (Eric Jr.).

2

B. *The Original Trust and the Amendment*

The trust named LaDonna as the "initial trustee." The trust provided that upon Lena's death, the trust estate would be distributed to LaDonna and Eric Sr. The trust also stated that at the time of Lena's death if either LaDonna or Eric Sr. was "not living, or [was] later deceased, distribution shall be made to that person's descendants, if then living." A handwritten amendment (trust amendment) changed that term to read, "if one beneficiary is alive all [Lena's] properties shall go to the survivor." The trust amendment was dated September 26, 2002 and bore Lena's purported signature.

Eric Sr. died in 2004, predeceasing Lena. Lena died in 2019. After Lena's death, LaDonna informed Dominic and Eric Jr. that she was the sole beneficiary of the trust as Eric Sr. had predeceased Lena. LaDonna provided Dominic and Eric Jr. with excerpts of the trust to substantiate her argument that she was the sole beneficiary. Dominic and Eric Jr. asked LaDonna for a copy of the trust instrument. LaDonna refused the request.

C. *The Probate Proceedings*

On January 13, 2020, Dominic and Eric Jr. filed a probate petition seeking LaDonna's removal as trustee, based in part on her failure to provide Dominic and Eric Jr. with a complete copy of the trust instrument. Dominic and Eric Jr. requested a court order requiring LaDonna to submit the original trust instrument along with any amendments.

On April 17, 2020, LaDonna served Dominic and Eric Jr. with a "notification by trustee" (notification), pursuant to Probate Code section 16061.7.[1] As required by statute, the notification informed Dominic and Eric Jr. in bold, capitalized letters, "you may not bring an action to contest the

---

[1] All unspecified statutory references are to the Probate Code.

3

trust more than 120 days from the date the notification by trustee was served upon you." LaDonna also attached a copy of the trust and the trust amendment.

On March 10, 2021, Dominic and Eric Jr. sought leave to file a first amended probate petition. Dominic and Eric Jr. moved to amend their petition to challenge the validity of the trust amendment, asserting it was a forgery. Dominic and Eric Jr. also sought to allege the invalid trust amendment could not eliminate their interests in the trust. The court denied the motion.

D. *The Civil Complaint and Demurrer Proceedings*

On July 29, 2021, Dominic and Eric Jr. filed a civil complaint against LaDonna. The complaint alleged causes of action for (1) interference with inheritance rights; (2) interference with prospective economic advantage; (3) interference with contract; (4) conversion; (5) quiet title; (6) breach of fiduciary duty; and (7) an accounting.

The complaint alleged the pre-amendment trust terms entitled Dominic and Eric Jr. to succeed to their father's trust interest. Dominic and Eric Jr. suspected the trust amendment was inauthentic and learned from "handwriting analysis" that the amendment was a forgery. Dominic and Eric Jr. alleged LaDonna "created the false document for the purpose of stealing their inheritance." Dominic and Eric Jr. incorporated the above general allegations into each cause of action in the complaint. Each cause of action also specifically alleged the invalidity of the trust amendment as the basis for relief.

On November 29, 2021, LaDonna filed a demurrer to Dominic and Eric Jr.'s complaint on the ground that each cause of action was time-barred.

4

LaDonna contended the complaint was "an action to contest the trust" within the meaning of section 16061.8 and that the section's 120-day statute of limitations therefore applied. According to LaDonna, the complaint had the "practical effect" of being "an action to contest the trust" because (1) the complaint placed the validity of the trust amendment at issue and (2) it was impossible for Dominic and Eric Jr. to recover on their claims unless the court determined that the trust amendment was invalid.[2] Dominic and Eric Jr. opposed, arguing the complaint did not meet the definition of a "contest" and therefore section 16061.8's statute of limitations did not apply.

The court sustained the demurrer without leave to amend. The court found the 120-day limitations period applied, precluding each cause of action as a matter of law. The court reasoned "[a]lthough this is a civil action and there are different causes of action than was filed in the probate matter . . . they still constitute a[n] 'action to contest the trust' since all of the allegations are really centered on the invalidity of the trust amendment due to forgery."

Dominic and Eric Jr. timely appealed.

## DISCUSSION

A. *Appealability*

As a threshold matter, Dominic and Eric Jr. appeal from an order sustaining LaDonna's demurrer without leave to amend. The general rule is

---

[2] LaDonna supported her demurrer with a request for judicial notice of, among other documents, the April 17, 2020 notification and proof of service, filed in the probate proceedings. It does not appear from the record that the court expressly granted LaDonna's request for judicial notice. However, the court's reference at the demurrer hearing to the notification and prior probate proceedings imply the request was granted. (See *Aghaian v. Minassian* (2020) 59 Cal.App.5th 447, 454, fn. 6.)

5

that "[a]n order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order. [Citations.]" (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.) However, "when the trial court has sustained a demurrer [without leave to amend] to all of the complaint's causes of action, appellate courts may deem the order to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment. [Citations.]" (*Ibid.*; see also *Bullock v. City of Antioch* (2022) 78 Cal.App.5th 407, 411, fn. 1 [same].)

We deem the trial court's order to incorporate a judgment of dismissal and will review the order.

B. *Standards of Review and Governing Principles*

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.) "'[F]or a demurrer based on the statute of limitations to be sustained, the untimeliness of the lawsuit must clearly and affirmatively appear on the face of the complaint and matters judicially noticed. [Citation.]'" (*Austin v. Medicis* (2018) 21 Cal.App.5th 577, 585.) When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action on any theory. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) We review de novo a trial court's ruling on a demurrer. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 51.)

When a trial court sustains a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Blank, supra,* 39 Cal.3d at p. 318.) If we find an amendment could cure the defect, we conclude the trial court abused its

6

discretion and we reverse; if not, no abuse of discretion has occurred. (*Ibid.*) The plaintiff has the burden of proving that an amendment would cure the defect. (*Ibid.*; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

C. *Action to Contest the Trust*

Dominic and Eric Jr. contend the trial court erred in sustaining the demurrer to the complaint without leave to amend.[3] They argue the statute of limitations in section 16061.8 is inapplicable to their lawsuit because the civil complaint is not "an action to contest the trust." For the reasons discussed below, we disagree.

When a trust becomes irrevocable, section 16061.7 requires a trustee to serve a written notification on all beneficiaries and heirs of the settlor. A revocable trust may become irrevocable upon the death of the settlor. (*Id.* at subd. (a)(1).) The notification must contain the following language: "'[y]ou may not bring an action to contest the trust more than 120 days from the date this notification by the trustee is served upon you.'" (*Id.* at subd. (h).) The 120-day statute of limitations to "bring an action to contest the trust" is codified in section 16061.8. Section 82 defines "trust" as "[a]n express trust, private or charitable, with additions thereto, wherever and however created."[4]

Actions that challenge the validity of a trust are actions that "contest the trust" under section 16061.8. (See *Estate of Stoker* (2011) 193

---

[3] LaDonna did not file a respondent's brief.

[4] "Unless the provision or context otherwise requires, the definitions in [section 82] govern the construction of this code." (See § 20; *id.* at § 82.) Neither section 16061.7 nor 16061.8 contain a different definition of trust.

7

Cal.App.4th 236, 240–241 (*Stoker*).) We are "not bound by its label" in deciding whether an action is a trust contest. (*Stoker, supra*, 193 Cal.App.4th at p. 241.) Rather, we "look to the substance of that [action] and its 'practical effect.'" (*Ibid.*; see also *Saunders v. Cariss* (1990) 224 Cal.App.3d 905, 908.)

*Stoker* is instructive here. In *Stoker*, the court concluded a petition to probate a will was an "action to contest the trust" under section 16061.8, despite the petition's label. (*Stoker, supra,* 193 Cal.App.4th at p. 241.) There, the trustee of the decedent's 1997 trust (trustee) filed a petition to probate the decedent's 1997 will. (*Id.* at p. 239.) Under the 1997 will, the trustee was entitled to the residue of the estate when the decedent died. (*Ibid.*) The decedent's children filed a subsequent petition to probate a will that the decedent purportedly signed in 2005. (*Ibid.*) Within the 2005 will, the decedent revoked the 1997 trust, eliminating the trustee's interest in the estate. (*Id.* at pp. 239–240.) The trustee argued the petition to probate the 2005 will was not "an action to contest the trust" under section 16061.8. (See *id.* at p. 240.) The *Stoker* court disagreed. (*Id.* at pp. 240–241.) Because the 2005 will and the 1997 trust were inconsistent, the *Stoker* court reasoned that "the trial court would have to consider the validity of [the] decedent's revocation of the trust" to decide the petition. (*Id.* at p. 241.) On that basis, the court concluded "[t]he petition to probate the 2005 will is, 'in practical effect,' an action challenging the validity of the trust" under section 16061.8. (*Ibid.*)

Likewise, here, the practical effect of Dominic and Eric Jr.'s complaint was to challenge the validity of the trust amendment to establish the pre-amendment trust should govern. Each cause of action in the complaint, like the petition in *Stoker*, would require the trial court to determine the validity of the trust amendment. Although the prayer for relief does not expressly

8

ask the court to invalidate the trust amendment, without a finding that the trust amendment was invalid, Dominic and Eric Jr. had no interest in the trust, and were not entitled to the relief they sought. We therefore conclude Dominic and Eric Jr.'s complaint was an "action to contest the trust" pursuant to section 16061.8. (See *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 412 [to determine which statute of limitations governs a given cause of action "[t]he nature of the cause of action and the primary right involved, not the form or label of the cause of action or the relief demanded, determine which statute of limitations applies"].)

Because the lawsuit was filed more than a year after LaDonna served Dominic and Eric Jr. with the notification, we conclude the complaint is time-barred under section 16061.8.[5] The trial court, therefore, properly sustained LaDonna's demurrer without leave to amend.

Dominic and Eric Jr. rely on inapposite authority to support the contention that the complaint is not an "action to contest the trust" under section 16061.8. They cite the definition of "direct contest" from an inapplicable section of the probate code (§ 21310, subd. (b)). Dominic and Eric Jr. argue their complaint is not a "direct contest" as defined in section 21310, and therefore, it is also not an "action to contest the trust" under 16061.8. We are not persuaded. Section 21310, subdivision (b) defines a "direct contest" as "a contest that alleges the invalidity of a protected instrument or one or more of its terms." Section 21310, subdivision (e) defines a "protected instrument" as "(1) [t]he instrument that contains the no contest clause" or "(2) [a]n instrument that is in existence on the date that the instrument containing the no contest clause is executed and is expressly

---

[5] We note Dominic and Eric Jr. do not dispute that they filed the complaint more than 120 days after service of the notification. (§ 16061.7.)

9

identified in the no contest clause . . . as being governed by the no contest clause." Section 21310, subdivision (c) defines a no contest clause as "a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary for filing a pleading in any court." (§ 21310, subd. (c).) The enforceability of a no contest clause is not an issue in Dominic and Eric Jr.'s complaint. Therefore, section 21310's "direct contest" definition has no bearing on whether section 16061.8 applies.

Dominic and Eric Jr.'s reliance on *Estate of Lewy* (1974) 39 Cal.App.3d 729 is similarly misplaced. That case involved the interpretation of a will's no contest clause and the statutory scheme and case law governing no contest clauses. (*Id.* at pp. 733–735.) We further note *Estate of Lewy* predated the enactment of section 16061.8 by over two decades. (Stats. 1997, ch. 724, § 24.) Because the decision does not address section 16061.8, it does not guide our analysis.

D. *Leave to Amend*

Dominic and Eric Jr. have failed to demonstrate that any amendment could cure the defects alleged in the complaint. Therefore, we conclude the trial court did not abuse its discretion in sustaining the demurrer without leave to amend. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44; *Blank, supra*, 39 Cal.3d at p. 318.)

//

//

//

10

## DISPOSITION

Treating the order sustaining the demurrer as a judgment of dismissal, we affirm. As no respondent's brief was filed, no costs are awarded on appeal to either party. (Cal. Rules of Court, rule 8.278(a)(5).)

**CERTIFIED FOR PUBLICATION**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.


11